# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 17-147 |
| ) | Judge Nora Barry Fischer |
| ADAM D. CADLE, ) | |
| ) | |
| Defendant. ) | |

## TENTATIVE FINDINGS AND RULINGS

On May 14, 2018, Defendant Adam D. Cadle pled guilty to a two-count Indictment charging him with distribution of material depiction the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(2) (Count One) and possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Two).

The U.S. Probation Office prepared a Presentence Investigation Report ("PIR") dated September 5, 2018. (Docket No. 51). Pursuant to the Local Criminal Rules, counsel for the Government and for Defendant each had an opportunity to submit objections to the PIR. On September 13, 2018, the Government filed its Position with Respect to Sentencing Factors, indicating that it has no objections to the PIR. (Docket No. 53). Defendant filed his Position with Respect to Sentencing Factors on that same date, indicating that he also has no objections to the guideline determinations in the PIR. (Docket No. 54). Subsequently, the Probation Office prepared an Addendum dated October 2, 2018, wherein it notes the lack of objections from the parties. (Docket No. 55).

I.      *Guidelines Calculations*

The Court makes the following guidelines calculations in accordance with the United States Sentencing Guidelines. The Court notes that after the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are merely advisory upon this Court. *See also Gall v. United States*, 552 U.S. 38 (2007); *United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009). The Court tentatively finds the following: [1]

1. The grouping rules of Guideline § 3D1.2(d) apply to Counts One and Two. Pursuant to Guideline § 2G2.2(a)(2), Defendant's base offense level is twenty-two (22).

2. An additional two (2) levels are added pursuant to Guideline § 2G2.2(b)(3)(F) because the Defendant knowingly engaged in distribution.

3. Pursuant to Guideline § 2G2.2(b)(6), another two (2) levels are added because the offense involved the use of a computer.

4. Because this offense involved 600 or more images, an additional five (5) levels are added pursuant to Guideline § 2G2.2(b)(7)(D).

5. Based on these computations, Defendant's adjusted offense level becomes thirty-one (31).

---

[1] The Court notes that, pursuant to U.S. Sentencing Guideline § 1B1.11(a), because there is no *ex post facto* issue here, the Court applies the Sentencing Guidelines effective on November 1, 2016. *See* U.S. Sentencing Guideline § 1B1.11(a) ("The Court shall use the Guidelines Manual in effect on the date that the defendant is sentenced").

6. Pursuant to Guideline § 3E1.1(a), Defendant's adjusted offense level is reduced by two (2) levels as he has pled guilty and clearly demonstrated acceptance of responsibility for his offense.

7. Pursuant to Guideline § 3E1.1(b), Defendant's adjusted offense level is decreased by one (1) additional level due to his timely notification to the authorities of his intent to enter a plea of guilty

8. Therefore, Defendant's total offense level becomes twenty-eight (28).

9. Defendant has zero (0) criminal history points. Pursuant to Guidelines Chapter 5, Part A, a criminal history score of zero (0) results in a criminal history category of I.

*II. Potential Sentence*

Based on the above guidelines calculations, Defendant is subject to the following imposition of potential sentence:

1. *Statutory Provision for Custody*: Pursuant to 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), Defendant is subject to not less than five (5) years to a maximum term of twenty (20) years imprisonment at Count One. At Count Two, Defendant is subject to a maximum term of imprisonment of ten (10) years imprisonment. Both offenses are Class C felonies pursuant to 18 U.S.C. § 3559(a)(3).

   *Guideline Provision for Custody*: Pursuant to the U.S. Sentencing Guidelines, Chapter 5, Part A, based on a total offense level of twenty-eight (28) and a criminal history category of I, the advisory guideline range for imprisonment is seventy-eight (78) months to ninety-seven (97) months.

2. *Statutory Provision for Supervised Release*:  Pursuant to 18 U.S.C. § 3583(k), the Court must impose a term of supervised release of between five (5) years and life at each of Counts One and Two.  Multiple terms of supervised release must run concurrently pursuant to 18 U.S.C. § 3624(e).

   *Guideline Provision for Supervised Release*:  Pursuant to Guideline § 5D1.2(b)(2), because the applicable statute requires a term of supervised release between five (5) years and life, the Guideline term is between five (5) years and life at both Counts One and Two.  Again, multiple terms of supervised release must run concurrently.

3. *Statutory Provision for Probation*:  Pursuant to 18 U.S.C. § 3561(a)(2), Defendant is not eligible for probation at Count One because the offense is one for which probation has been precluded.  Defendant is ineligible for probation at Count Two pursuant to 18 U.S.C. § 3561(a)(3), because he is being sentenced for such offense at the same time he is being sentenced to the offense at Count One.

   *Guideline Provision for Probation*:  Because the applicable guideline range is in Zone D of the Sentencing Table, Defendant is not eligible for probation, pursuant to Guideline § 5C1.1(f) and Guideline § 5B1.1, cmt. 2.

4. *Statutory Provision for Fine*: Pursuant to 18 U.S.C. § 3571(b)(3), Defendant is subject to a fine of $250,000.00 at each of Counts One and Two.

   *Guideline Provision for Fine*: Pursuant to Guideline § 5E1.2(c)(3), the advisory fine range is from $25,000.00 to $250,000.00.

4

5.  *Mandatory Special Assessment*: Pursuant to 18 U.S.C. § 3013(a)(2)(A), Defendant is subject to a mandatory special assessment of $100.00 at each count of conviction, for a total special assessment of $200. The Court notes that the special assessment has yet to be paid.

6.  *Justice for Victims of Trafficking Act*: Pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, to the extent the Defendant is not indigent, he is subject to an additional assessment of $5,000.00 at each count.

7.  *Restitution*: Pursuant to 18 U.S.C. § 3663A(a)(1) and Guideline § 5E1.1(a)(1), restitution is mandatory and shall be ordered. A general request for restitution has been made by the victim in the Blue Pillow Series, but no documentation has been submitted as to the amount. The victim in the Tara Series has requested $18,136.40 in restitution.

8.  *Forfeiture*: Pursuant to 18 U.S.C. § 2253(a)(3) and as set forth in the Preliminary Order of Criminal Forfeiture (Docket No. 48), Defendant shall forfeit the following property: one Apple desktop computer, Model No. Al418, Serial Number C02PT0W1FY0T and one SanDisk Cruzer Glide thumb drive, Model No. SDCZ60-0l 6G, Serial Number BL12 l0240908.

III.  *Conclusion*

The Court will receive evidence including testimony and hear argument regarding these tentative findings and rulings as well as any other motions and responses thereto at the time and place of sentencing in this matter presently scheduled for **Thursday, October 25, 2018 at 11:00**

**a.m.**  Pursuant to the Court's Presentence Order (Docket No. 46), any sentencing memoranda shall be filed by **October 11, 2018** and any responses to same shall be filed by **October 18, 2018.**

                                                     *s/ Nora Barry Fischer*
                                                     Nora Barry Fischer
                                                     United States District Judge

Date:           October 2, 2018

cc/ecf:        All counsel of record
                 U.S. Probation Office